1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELAUN V. DEADMON, CDC #D-58306,<br><br>                                        Plaintiff,<br><br>                        vs.<br><br>N. GRANNIS, L.E. SCRIBNER, M. LEVIN, J. GONZALEZ, A.M.. NGUYEN, D. ERWIN, J. MITCHELL, G. BELTRAN,  ,<br><br>                                        Defendants. | Civil No.    06-1003 BTM (POR)<br><br>**ORDER DENYING DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>**[Doc. No. 11]** |

## I.    PROCEDURAL BACKGROUND

Relaun Deadmon ("Plaintiff"), a prisoner currently incarcerated at Corcoran State Prison in Corcoran, California, proceeding pro se and *in forma pauperis,* has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that, while he was incarcerated at Calipatria State Prison ("CAL"), various CAL and California Department of Corrections and Rehabilitation ("CDCR") officials violated his Eighth and Fourteenth Amendment rights by failing to provide him with adequate medical care.  Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

All Defendants except two, G. Beltran and N. Grannis, have filed a Motion to Dismiss Plaintiff's Complaint for failing to state a claim against them pursuant to FED.R.CIV.P. 12(b)(6)

1    [Doc. No. 11].  The Court has determined that Defendants' Motion is suitable for disposition

2    upon the papers without oral argument and that no Report and Recommendation from Magistrate

3    Judge Louisa S. Porter is necessary.  *See* S.D. CAL. CIVLR 7.1(d)(1).

4    **II.    PLAINTIFF'S ALLEGATIONS**

5         In 2004, Plaintiff was examined by the prison's urologist who informed Plaintiff that his

6    kidneys were "not functioning well."  Compl. ¶ 19.  After further testing it was determined that

7    Plaintiff had small kidneys.  *Id.*  ¶ 20.  Based on this information, Plaintiff was referred to a

8    nephrologist for further testing.  *Id.* ¶ 21.  After examining Plaintiff, the nephrologist made a

9    "preliminary finding of kidney failure" and ordered a "low protein, low sodium" diet for

10   Plaintiff. *Id.* ¶¶ 23, 25.  Over two and one half months later, Defendant Levin, the Chief Medical

11   Officer at Calipatria, approved this diet for Plaintiff.  *Id.* ¶ 26.  Plaintiff waited an additional five

12   weeks for the diet to start before he contacted Defendant Mitchell, the Chief Food Manager, to

13   inquire as to the status of his medically ordered diet.  *Id.* ¶ 27.

14        Defendant Mitchell informed Plaintiff that he was unable to provide him with the

15   medically ordered diet because Calipatria did not have a dietician.  *Id.* ¶ 28.  Based on this

16   response, Plaintiff filed an administrative grievance "appealing the lack of [a] medically required

17   diet of Calipatria and requesting a transfer to an institution that could provide said diet."  *Id.* ¶

18   29.  On November 28, 2005, Defendant Erwin, Senior Medical Technical Assistant, responded

19   to Plaintiff's grievance at the first formal level of review.  *Id.* ¶ 31.  Defendant Erwin informed

20   Plaintiff that the medical department had contacted the "Utilization Management Physician

21   (UMMD) in Sacramento concerning his special diet needs."  *See* Pl.'s Exhibit No. 1, Director's

22   Level Appeal Decision dated April 5, 2006. Defendant Erwin also stated that Plaintiff's "request

23   for Follow-Up care and education concerning his condition is warranted."  *Id.*

24        Plaintiff submitted this response to the next level of review and Defendant Gonzalez, the

25   Utilization Management Nurse ("UMN") told him that a dietician would be scheduled "in the

26   near future."  *Id.* ¶ 32. After this response, Plaintiff appealed his grievance to the Sacramento

27   Inmate Appeals Office which is the final level of review.  *Id.* ¶ 33.

28

1    Defendant Beltran, the nutritionist, arrived to meet with Plaintiff on March 22, 2006.  *Id.*

2    Plaintiff alleges that when he met with Defendant Beltran, she gave him "two pieces of paper

3    stating that Plaintiff's dietary health care needs were his responsibility and that special food

4    considerations by prison staff were not required."  *Id.* ¶ 35.  Five days later, Defendant Nguyen[1],

5    Plaintiff's Medical Health Care Physician, signed a medical chrono recommending Plaintiff be

6    transferred to an institution with a registered dietician.  *Id.* ¶ 38.  As Chief Medical Officer,

7    Defendant Levin approved Dr. Nguyen's recommendation for a transfer.  *Id. ¶ 39.*  Almost two

8    weeks later, Defendant Grannis responded to Plaintiff's grievance denying a transfer and

9    informed Plaintiff that he decided the nutritionist's "conclusion was appropriate and that plaintiff

10   could pick and choose from the allotted amount of food given him."  *Id.* ¶ 41.  Plaintiff sent a

11   copy of this response to Defendant Scribner, the Warden for Calipatria.  *Id.* ¶ 42.

12   **III.    DEFENDANT'S MOTION TO DISMISS PER FED.R.CIV.P. 12(b)(6)**

13        **A.    Standard of Review**

14        A motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) tests

15   the legal sufficiency of the claims in the complaint.  A claim can only be dismissed if it "appears

16   beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

17   him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spaulding*, 467

18   U.S. 69, 73 (1984).  The court must accept as true all material allegations in the complaint, as

19   well as reasonable inferences to be drawn from them, and must construe the complaint in the

20   light most favorable to the plaintiff.  *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.

21   1986); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

22        The court looks not at whether the plaintiff will "ultimately prevail but whether the

23   claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232,

24   236 (1974).  Unless it appears beyond a doubt that the plaintiff can prove no set of facts in

25   support of his claim, a complaint cannot be dismissed without leave to amend.  *Conley*, 355 U.S.

26   at 45-46; *see also Lopez v. Smith*, 203 F.3d 1122, 1129-30 (9th Cir. 2000) (en banc) (district

27

28        [1] Based on the papers filed by Defendants, it appears as though the correct spelling of Defendant Nguye's name is "Nguyen."

court should grant leave to amend when complaint fails to state a claim "unless it determines that the pleading could not possibly be cured by the allegation of other facts" and if "it appears at all possible that the plaintiff can correct the defect") (citations omitted).

Where a plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation omitted).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Id.* at 1197 n.1. However, the court may consider documents or exhibits "whose contents are alleged in a complaint and whose authenticity no party questions." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

**B.    Eighth Amendment Inadequate Medical Treatment Claims**

Defendants seek dismissal of Plaintiff's Complaint on grounds that he has failed to plead facts that would support a claim of deliberate indifference sufficient to violate the Eighth Amendment. *See* Def.'s Mot. at 7-10.

**1.    Standard of Review**

A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).[2] To state a claim, the prisoner must allege facts which demonstrate that

---

[2] To the extent that Plaintiff claims that the same set of facts and circumstances comprising his Eighth Amendment claim also serve as a basis for an independent Fourteenth Amendment substantive due process violation, the Court construes them as one single federal constitutional claim. "[C]ertain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands." *Armendariz v. Penman*, 75 F.3d 1311, 1320 (9th Cir. 1996). However, the Supreme Court has held that plaintiffs cannot "double up" constitutional claims in this way. *See*

he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that prison officials had a "sufficiently culpable state of mind" in denying him proper medical care. *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (internal quotations omitted). Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

Although the "routine discomfort inherent in the prison setting" is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, *see Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 1999), the objective component is generally satisfied so long as the prisoner alleges facts to show that his medical need is sufficiently "serious" such that the "failure to treat [that] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Clement*, 298 F.3d at 904 (quotations omitted); *Lopez*, 203 F.3d at 1131-32; *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

However, the subjective component requires the prisoner to also allege facts which show that the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

---

*Ramirez v. Groh*, 298 F.3d 1022, 1029 (9th Cir. 2002). Where a claim can be analyzed under "an explicit textual source" of rights in the Constitution, a court may not also assess the claim under another, "more generalized," source. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (analyzing excessive force claim under Fourth Amendment rather than substantive due process) Here, because the Eighth Amendment supplies an explicit textual source of constitutional protection when an inmate is denied adequate medical care, *see Estelle*, 429 U.S. at 105, the cruel and unusual punishment clause, and not the more general right to privacy under the substantive provisions of the Fourteenth Amendment's Due Process Clause, governs the constitutionality of Defendant's actions. *See Ramirez*, 298 F.3d at 1029.

### 2.   Application to Plaintiff's Allegations

Plaintiff alleges, and Defendants do not dispute, that he has a serious medical condition. Specifically, Plaintiff alleges that he has had "severe kidney failure." Compl. ¶ 24.  Further, Plaintiff claims that all named Defendants willfully ignored several recommendations by prison doctors that he receive a specialized diet or in the alternative, a transfer to a prison that could accommodate this diet.  This diet, Plaintiff claims, was necessary to avoid further damage to his kidney and thereby prevent the need for dialysis.  *Id.* ¶¶ 23-25.  Nonetheless, Plaintiff alleges that prison officials chose to follow the recommendation of the nutritionist, suggesting that Plaintiff could "pick and choose" from the diet provided all inmates, over the recommendation of medical specialists.  As a result, Plaintiff alleges that he is "suffering malnutrition because of the impossibility of following the dietician's recommendation." *Id.* ¶ 69.  Moreover, Plaintiff alleges that the "total collapse of Plaintiff's kidneys is a certainty without the issuance of a medically ordered diet." *Id.* ¶ 77.

The Court finds these allegations clearly sufficient to support both the "objective" and "subjective" aspects of an Eighth Amendment inadequate medical treatment claim. *See Clement*, 298 F.3d at 904.  In fact, the Court had already made this determination when it conducted its sua sponte screening per 28 U.S.C. § 1915(e)(2) and § 1915A.  *See* May 24, 2006 Order at 3 ("[T]he Court finds that Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2)( and 1915A(b)).

Defendants suggest that Plaintiff merely has a "difference of opinion" as to the proper course of treatment for his condition.  *See* Defs. Mot. at 8.  There is Ninth Circuit authority that holds a difference of opinion between an inmate and a prison physician does not necessarily amount to deliberate indifference.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). However, the difference of opinion in this case, which Defendants fail to point out, is not between Plaintiff and his doctors.  Plaintiff agrees with his doctors that he needs a special diet or a transfer to a prison that can accommodate his medical needs.  The disagreement is between Defendant Beltran, the nutritionist, and the medical doctors who are treating Plaintiff. ////

1    Defendants also argue that Plaintiff has not alleged an injury that is more than "de

2    minimis" in order to support an Eighth Amendment claim.  *See* Defs.' Mot. at 7 (citing *Oliver*

3    *v. Keller*, 289 F.3d 623, 623 (9th Cir. 2002).  Defendants claim the holding of *Oliver* is that an

4    "injury must be more than 'de minimis' to support an Eighth Amendment claim."  *Id.*  In *Oliver*,

5    the Ninth Circuit recognized that "[i]n drafting § 1997e(e)[3], Congress failed to specify the type,

6    duration, extent, or cause of 'physical injury' that it intended to serve as a threshold qualification

7    for mental and emotional injury claims."  *Id.* at 626.  The Court concluded, however, that "for

8    all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury

9    that need not be significant but must be more than de minimis."  *Id.* at 627.  However, *Oliver*

10   further holds that § 1997e(e) does *not* act as a basis for dismissing a properly pleaded

11   constitutional claim for which Plaintiff also seeks injunctive relief or nominal, compensatory or

12   punitive damages.  *Id.* at 629 (finding that "§ 1997e(e) applies only to claims for mental or

13   emotional injury.").  "As its title suggests, § 1997e(e) is a 'limitation on recovery' .... [P]hysical

14   injury is merely a predicate for an award of damages for mental or emotional injury, not a filing

15   prerequisite for the federal action itself."  *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003)

16   (citation omitted)).  Thus, to the extent that Plaintiff "has actionable claims for compensatory,

17   nominal or punitive damages–premised on violations of his [constitutional] rights, and not on

18   any alleged mental or emotional injuries," § 1997e(e) does not apply.  *Oliver*, 289 F.3d at 629.

19   Here, the Court finds that Plaintiff has alleged an injury that is more than "de minimis."

20   Specifically, Plaintiff alleges that he has suffered from malnutrition which in turn has added

21   "additional stress and strain on Plaintiff's already damaged kidneys."  Compl. ¶ 109.

22   Plaintiff's Complaint clearly states that all named Defendants are aware of his serious

23   medical condition.  Despite Defendants' arguments to the contrary, Plaintiff's claims against

24   Defendant Levin do not "sound in negligence."  *See* Defs.' Mot. at 8.  Plaintiff claims that

25   Defendant Levin and Nguyen both agree that Plaintiff requires a special diet.   However,

26   Plaintiff also claims that neither one has provided Plaintiff with any further medical attention

27

28       [3] 42 U.S.C. 1997e(e) provides "no federal civil action may be brought by a prisoner confined
     in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody
     without a prior showing of physical injury."

1   despite the fact that they have knowledge that he is not receiving the renal diet they ordered. *See*

2   Compl. ¶¶ 53-54, 87-89. Plaintiff also claims Defendant Mitchell could have ordered

3   prepackaged meals available at other institutions that would have satisfied his medical diet but

4   Mitchell failed to do so. *Id.* at ¶ 113. Plaintiff claims that Warden Scribner received Plaintiff's

5   grievances and the responses by prison officials where they willfully ignored the doctors

6   recommendations and chose to follow the opinion of the nutritionist. *Id.* ¶ 107. Finally, Plaintiff

7   alleges that Defendants Erwin and Gonzalez were deliberately indifferent to his serious medical

8   needs when they failed to ensure that the orders given by prison doctors were carried out.[4] *Id.*

9   ¶ 59-60, 64-68.

10      For these reasons, the Court DENIES Defendants' Motion to Dismiss Plaintiff's

11   inadequate medical treatment claims pursuant to FED.R.CIV.P. 12(b)(6).

12              **3.       Failure to Exhaust Administrative Remedies**

13      Defendants argue that Plaintiff did not exhaust his administrative remedies as to

14   Defendant Scribner because he did not name Defendant Scribner in his administrative grievance.

15   Defendants do not cite to any authority for this proposition.   Regardless, the United States

16   Supreme Court recently held that a prisoner need not identify by name individuals in the

17   grievance process if the prison's policies do not require such detail. *See Jones v. Bock, et al.*,

18   549 U.S. ___, 2007 WL 135890 at *17, 18 (Jan 22, 2007) (No. 05-7058).

19      The use of the CDC 602 Inmate/Parolee Appeal Form is required to initiate the

20   administrative grievance process. *See* CAL. CODE REGS., tit. 15, § 3084.2. The CDC 602 Form

21   limits the prisoner to one paragraph, plus one extra sheet, in which they are directed to frame

22   their "problem." *See id.* § 3084.2(a)(1). The CDC 602's format suggests that its purpose is to

23   simply provide a mechanism so that the prisoner can describe the facts giving rise to his

24   grievance from his own perspective; it does not require the prisoner to name "defendants" with

25   particularity. Thus, because the CDCR's own regulations do not require the "naming of names"

---

27      [4]  Defendants argue that Plaintiff is attempting to state a Fourteenth Amendment due process
28   claim against Defendants Erwin and Gonzalez. *See* Defs.' Mot. at 9. This is incorrect. In fact, Plaintiff
is claiming that both Erwin and Gonzalez are liable under the Eighth Amendment for "deliberate
indifference" and "denial of medical treatment." Compl. ¶ ¶ 57, 62.

1  in the grievance, the Prison Litigation Reform Act cannot impose such a requirement to find

2  proper exhaustion. *Jones*, 549 U.S. ___, 2007 WL 135890 at *17. Defendant Scribner's Motion

3  to Dismiss Plaintiff's Complaint for failing to exhaust his administrative remedies is DENIED.

4  **IV.    CONCLUSION AND ORDER**

5      Based on the foregoing, the Court hereby **DENIES** Defendants' Motion to Dismiss

6  Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 11-1].

7      Defendants shall file their Answer within 10 days from the date this Order is "Filed"

8  pursuant to FED.R.CIV.P. 12(a)(4)(A).

9      **IT IS SO ORDERED.**

10

11  DATED:  January 30, 2007

12

13                          Hon. Barry Ted Moskowitz
                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28