1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10   RELAUN DEADMON,                          Civil No.    06cv1003-BTM (POR)

11                              Plaintiff,     **ORDER GRANTING DEFENDANTS'**
                                               **EX PARTE APPLICATION TO**
12                      v.                     **CONTINUE THE DEADLINE FOR**
                                               **FILING PRETRIAL MOTIONS**
13   N. GRANNIS, et al.,
                                               **[Doc. No. 44]**
14                             Defendants.

15

16          On April 25, 2008, Defendants filed an ex parte application to continue the deadline for

17   filing pretrial motions.  Defense counsel contends he has been engaged in trial preparations over the

18   past month, and in addition, he has been working on and maintaining a caseload of approximately

19   twenty-five cases.

20          While the Court can appreciate the fact that Defense counsel has a significant case load, the

21   Court cannot find good cause for continuing the deadline for filing pretrial motions premised on the

22   fact that Defense counsel is working on every other pending case but this one.  Additionally,

23   Defense counsel waited until the last day to file pretrial motions to request a continuance of this

24   deadline.

25          Although the Court is extremely hesitant to grant Defense counsel's request for a

26   continuance, in the interests of justice and after consulting with the chambers of the Honorable

27   Barry Ted Moskowitz, the Court nevertheless finds good cause to grant Defense counsel's ex parte

28   application.  However, any future requests for extensions by Defendants will not be granted in this

matter.  Accordingly, **IT IS HEREBY ORDERED**:

1.     All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **May 26, 2008**.  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to two months. Please plan accordingly.**

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who will hear the motion.

2.     A Mandatory Settlement Conference shall be conducted on **June 6, 2008**, at **10:00 a.m.**, in the chambers of the Honorable Louisa S Porter.  The parties shall lodge <u>confidential</u> settlement statements <u>directly</u> with Judge Porter's chambers via mail or email to efile_porter@casd.uscourts.gov on or before **June 2, 2008**.  The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable.  The settlement statements **shall not** be filed with the Clerk of the Court.

<u>Defendants' attorney shall be present at the conference.  The Court authorizes Plaintiff to call into Judge Porter's chambers at **10:00 a.m.** on the day of the conference.  Plaintiff shall call chambers at (619) 557-5383.</u>  All conference discussions will be informal, off the record, privileged and confidential.

Mandatory settlement conferences shall not be rescheduled without a showing of good cause and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact the Court at least 10 days prior to the conference.  Absent exceptional circumstances, the Court will not reschedule this conference with less than 10 days notice.  <u>Only in extreme circumstances will the</u>

1    Court reschedule a mandatory settlement conference with less than 24 hours notice.

2        3.      In a bench trial, counsel shall serve on each other and file with the Clerk of the Court

3    their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2), (3) and

4    (4) on or before **September 3, 2008**.

5        4.      All parties or their counsel shall also fully comply with the Pretrial Disclosure

6    requirements of Fed. R. Civ. P.  26(a)(3) on or before **September 3, 2008**.  *Failure to comply with*

7    *these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R.*

8    *Civ. P. 37.*

9        5.      The parties shall meet and confer on the preparation of the Pretrial Order required by

10   the Honorable Barry Ted Moskowitz, and take the action required by Local Rule 16.1(f)(4), on or

11   before **September 10, 2008**.  The parties shall discuss and prepare a proposed Pretrial Order

12   containing the following:

13       a.      A statement to be read to the jury, not in excess of one page, setting forth the nature

14               of the case, claims and defenses;

15       b.      A list of the causes of action to be tried, referenced to the Complaint and

16               Counterclaim, if any.  For each cause of action, the order shall succinctly list the

17               elements of the claim, damages and any defenses.  A cause of action in the Complaint

18               or Counterclaim which is not listed shall be dismissed with prejudice.

19       c.      A list of:

20               (i).     each witness that counsel actually expects to call at trial with a brief

21                        statement, not exceeding four sentences, of the substance of the witnesses'

22                        testimony.

23               (ii).    additional witnesses, including experts, that counsel do not expect to call at

24                        this time but reserve the right to call at trial along with a brief statement, not

25                        exceeding four sentences, of the substance of the expert witness' testimony.

26       d.      A list of:

27               (i).     all exhibits that counsel actually expect to offer at trial with a single-sentence

28                        description.

         (ii).     additional exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial along with a single-sentence description.

e.     A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.  The parties are encouraged to meet with the assigned Magistrate Judge to work out as many stipulations of fact as possible.

f.     A list of all deposition transcripts by page and line, or video tape depositions by section, that will be offered at trial.  The proponent of the deposition shall prepare a copy of all portions to be read or played to the jury.

g.     The parties shall prepare proposed jury instructions (if trial by jury) on the substantive claims, damages and defenses.  One set of proposed instructions shall be given to the court.  If the parties disagree on an instruction, the alternative instructions shall be submitted.

h.     The parties shall prepare a proposed jury verdict form.

The parties are encouraged to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

6.     The final Pretrial Order, including objections any party has to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **September 17, 2008**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the final Pretrial Order to the Pretrial Conference.

7.     The Pretrial Conference shall be held before the **Honorable Barry T. Moskowitz**, United States District Court Judge, on **September 24, 2008**, at **4:00 p.m.**

8.     The dates and times set forth herein will not be further modified except for good cause shown.

///

///

1       9.  Counsel for Defendant shall serve a copy of this order on all parties that enter this case

2  hereafter.

3

4  DATED:  May 6, 2008

5

6                                  LOUISA S PORTER
                                  United States Magistrate Judge

7

8  cc:     The Honorable Barry T. Moskowitz
            All parties

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28